**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:  RICHARD ALAN HAASE and Richard Alan Haase v. Countrywide Home Loans, Inc., Deutsche Bank National Trust Company, Bank of America, NA, Barrett, Daffin, Turner & Englel, LLP, Deutsche Bank, AG, Morgan Stanley ABS Capital I, Inc., and Certificate Holders of Morgan Stanley ABS Capital I, Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6

Appellate case number:  01-20-00854-CV

Trial court case number:  07-DCV-161177

Trial court:  400th District Court of Fort Bend County

Appellants, RICHARD ALAN HAASE and Richard Alan Haase, filed in this Court a motion for leave to proceed as indigent. On February 1, 2021, we abated this appeal and remanded the case to the trial court to determine whether appellants, who previously paid the appellate filing fees, may proceed as indigent on appeal. *See* TEX. R. CIV. P. 145(a), (f). The trial court clerk then filed a supplemental clerk's record that includes the trial court's order, signed on February 25, 2021, denying appellants' motion to proceed as indigent. On March 2, 2021, we reinstated the appeal on the Court's active docket and ordered appellants to provide written proof within 30 days that they had paid, or made arrangements to pay, for the clerk's record and the reporter's record, if applicable.

On March 9 and 10, 2021, appellants filed a motion for reconsideration and an amended motion for reconsideration for leave to proceed as indigent, respectively. *See* TEX. R. CIV. P. 145(g)(1). Because appellants' motions were untimely and appellants did not request an extension or explain the reason for the untimeliness of their motions, we denied the motion.

On March 16, 2021, appellants filed a motion for an extension of time to file their motion for reconsideration for leave to proceed as indigent. Appellants' motion for extension of time is **granted.**

Appellants challenge the trial court's findings regarding their purported indigence on two grounds. They argue the trial court lacked jurisdiction to consider appellants' motion to proceed as indigent and further that the trial court's findings are irrational. Appellants' jurisdictional arguments are without merit. *See* TEX. R. CIV. P. 145. A trial court's denial of a claim of indigence is reviewed for abuse of discretion. *See In re A.M.R.*, No. 04-02-00333-CV, 2002 WL 31830482, at *1 (Tex. App.—San Antonio Dec. 18, 2002, no pet.) (not designated for publication); *see also* TEX. R. CIV. P. 145(g). Appellants' motion fails to establish the trial court abused its discretion in denying their motion to proceed as indigent. Therefore, appellants' amended motion for reconsideration of the trial court's order is **denied.**

It is so ORDERED.

Judge's signature: /s/ Veronica Rivas-Molloy
                                    Acting for the Court

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.


Date: April 13, 2021